### In re WOLFE.

(Supreme Court, General Term, First Department. December 16, 1892.)

COLLATERAL INHERITANCE TAX—PERSONAL LIABILITY OF EXECUTORS.

In proceedings for the appraisement and assessment of collateral inheritances the surrogate's court determined, without having jurisdiction of the question, that certain bequests to a museum and a church were exempt from the inheritance tax, and the executors subsequently in good faith paid the bequests. Afterwards, in proper proceedings in the same court, it was determined that such bequests were subject to the tax. *Held*, that the executors were personally liable for the payment of such tax. 15 N. Y. Supp. 539, reversed.

Appeal from surrogate's court, New York county.

Proceedings by the district attorney of the county of New York, prosecuted for the collection of collateral inheritance taxes on certain bequests made by Catharine L. Wolfe, deceased, to the Metropolitan Museum of Art, in the city of New York, and the Rectors, Wardens, and Vestrymen of Grace Church, in said city. There was a decree by the surrogate's court confirming an assessment of the tax, but providing that the executors of said Wolfe's last will are not personally liable for the payment of the tax. 15 N. Y. Supp. 539. From that part of the decree exempting the executors from personal liability, the district attorney appeals. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

De Lancey Nicoll, (B. F. Dos Passos, of counsel,) for appellant.

A. P. & W. Man, (S. P. Nash, H. H. Man, and John M. Bowers, of counsel,) for respondent.

VAN BRUNT, P. J.   The facts involved in this appeal are the same as those in the case decided herewith, (21 N. Y. Supp. 515,) in which the question of the liability of Grace Church and the Metropolitan Museum of Art to the tax has been discussed and disposed of, and therefore it is not necessary in this opinion to repeat what has already been said therein.   In the decree holding the said institutions liable for the tax the learned surrogate also held that the executors of the decedent were not personally liable for the amount of the tax due upon the legacies to said legatees, nor for the costs and disbursements herein.   The theory upon which the decision is based was that the executors had acted in good faith, relying upon the decree of the surrogate's court in paying over the legacies in question without retaining the amount of the tax.   But if the view which we have arrived at upon the appeal relative to the liability of these institutions for the tax is correct, then we do not see how the executors can escape the liability imposed by statute.   If the surrogate had no jurisdiction in the proceeding to entertain the question which he did of the exemption of these institutions from the inheritance tax, then it is difficult to see how such decree could be a protection to anybody for anything done in pursuance thereof.   If the surrogate had no jurisdiction, he had no power to make a decree which would be of any effect whatever.   If the question related merely to a matter of regularity in a proceeding of which the surrogate had jurisdiction, then, perhaps, the conclusion at which he arrived might have been upheld; but where no jurisdiction of the subject-matter—viz. of the question of exemption of these corporations from the tax—has been obtained by the surrogate, his adjudication upon that subject is absolutely null and void.   Therefore, as we have held that the surrogate had no jurisdiction in the proceeding to determine this question of exemption, it necessarily follows that the liabilities of the parties remained precisely the same as though no such proceedings had been instituted.   We think, therefore, that this portion of the decree with reference to the personal liability of the executors was wrong, and should be reversed.   As to the question of costs and disbursements of the proceedings, that was a matter within the discretion of the surrogate, and he had a right to make the adjudication as to them which he did.   The decree, therefore, should be modified in the respect named, and affirmed as modified, without costs.   All concur.